IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEWAYNE EDWARD BARNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| V. | ) | No. 3:16-cv-1622-K |
| | ) | (No. 3:13-cr-141-K-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Dewayne Edward Barner, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. Barner's motion, filed no later than June 9, 2016, *see id.* at 12, is only timely to the extent that *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015), applies to his Section 2255 claims, which are based on the advisory sentencing guidelines, *see* Dkt. No. 2 at 4 ("Movant was sentenced under the 'residual clause' according to U.S.S.G. § 4B1.2(a)(2) which has been ruled unconstitutional."); *see also* 28 U.S.C. § 2255(f)(3).

After the Court ordered the government to respond to the motion, *see* Dkt No. 5, this action was stayed and administratively closed pending the decision of Supreme Court of the United States in *Beckles v. United States*, 580 U.S. ____, 137 S. Ct. 886 (2017), *see* Dkt. Nos. 6 & 7. After the decision in *Beckles*, the Court reopened this action and ordered Barner to show cause in writing why it should not be dismissed. *See* Dkt. No. 10. Barner has responded, arguing that this Court should not follow *Beckles*. *See*

Dkt. No. 11.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But, as Barner acknowledges, he did not receive an increased sentence under the ACCA's residual clause. Instead, his advisory Guideline range was enhanced because he was determined to be a career offender under the Guidelines. *See* U.S.S.G. § 4B1.1.

And the Supreme Court has now determined that, "[u]nlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892 (concluding, as also

2

applicable here, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness").

Accordingly, the Court will not go against the Supreme Court's holding in *Beckles*, as Barner would like, but instead **DISMISSES** Barner's Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [he] is not entitled to relief." *Id*.; *see, e.g., Rose v. United States*, Nos. 2:16-CV-554 & 2:13-CR-00123, 2017 WL 951600, at *1 (S.D. Ohio Mar. 10, 2017) (as to a case, like this one, held in abeyance pending the Supreme Court's decision in *Beckles*, holding that, "[b]ased on the Supreme Court's Beckles decision, it now appears to the Court that 'the moving party is not entitled to relief.' Under these circumstances, Rule 4(b) states that 'the judge must dismiss the motion'" (citation omitted)).

**SO ORDERED.**

Signed October 3rd, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE